IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLIFTON R. EVANS,

                       Plaintiff,

    v.                                                      OPINION & ORDER

NANCY BERRYHILL,                                  12-cv-888-jdp
Acting Commissioner of Social Security,

                       Defendant.

---

Counsel for plaintiff Clifton Evans has filed a second unopposed request for an award of attorney fees under 42 U.S.C. § 406(b). The court granted counsel's first request and awarded $28,785 in attorney fees after the administrative law judge awarded Evans and his son a total of $115,140 in benefits for the period between June 2009 and July 2012. Dkt. 32. Since that decision, the administrative law judge conducted additional proceedings and awarded Evans and his son an additional $159,216 in benefits for the period beginning October 2012. Dkt. 34, ¶ 4. In accordance with counsel's contingency fee agreement and *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002), counsel requests an award equal to 25% of the new award of benefits, or $39,804.

Counsel's request gives the court pause because an award under § 406(b) is limited to counsel's work in the district court, *Heise v. Colvin*, No. 14-cv-739, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016), but counsel has not performed any additional work in this court since his previous fee petition. Although counsel does not acknowledge this issue or cite other instances in which courts granted this type of supplemental petition, the court sees no reason to deny counsel's request simply because he has already received an award. The relevant question is whether the total award is justified in the first instance. In other words, if counsel

had obtained the same results before filing his first fee petition, would a fee award of $68,589 ($28,785 + $39,804) be reasonable? *Gisbrecht*, 535 U.S. at 807 ("[Section] 406(b) calls for court review of [contingency-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

When evaluating a request for fees under § 406(b) for reasonableness, a court may consider "the character of the representation and the results the representative achieved." *Id.* at 808. The Supreme Court discussed two instances in which it would be appropriate to reduce an award. First, "[i]f the attorney is responsible for delay, . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* Second, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* Other relevant factors include the attorney's experience, reputation, and ability as well as awards in similar cases. *Westlund v. Berryhill*, No. 15-cv-450, 2017 WL 2389724, at *1 (W.D. Wis. June 1, 2017) (citing *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005), and *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989)).

In this case, counsel's team logged 47.89 hours of work in this court, which translates to an hourly rate of more than $1,400 if counsel's request is granted in full. That is significantly higher than other recent awards in this court.[1] In fact, counsel does not identify any other cases

---

[1] *E.g.*, *Reilly v. Berryhill*, No. 15-cv-796, 2017 WL 3610569, at *1 (W.D. Wis. Aug. 22, 2017) (awarding $8,599.25 for 23.63 hours of work for an equivalent hourly rate of $363.91); *Westlund v. Berryhill*, No. 15-cv-450, 2017 WL 2389724, at *2 (W.D. Wis. June 1, 2017) (awarding $17,877.50 for 23.4 hours of work for an equivalent hourly rate of about $764 and noting that rate was "a bit high"); *Wappler v. Berryhill*, No. 15-cv-543, 2017 WL 2312935, at *1 (W.D. Wis. May 26, 2017) (awarding $12,462.75 for 44.3 hours of work for an equivalent hourly rate of about $281); *Phillips v. Berryhill*, No. 14-cv-819, 2017 WL 782948, at *1 (W.D. Wis. Feb. 28, 2017) (awarding $11,190 for 21 hours of work for an equivalent hourly rate of

in which this court approved such a large fee for a comparable amount of work. Recently, in *Weitz v. Berryhill*, No. 16-cv-419, 2017 WL 5186472, at *1 (W.D. Wis. Nov. 8, 2017), this court observed that "[t]he equivalent hourly rate of $858.91 is on the high end of rates that courts have awarded, so it warrants careful review for reasonableness." Because counsel's request represents a significant increase even over the request in *Weitz*, counsel has a heavy burden of showing that extraordinary circumstances justify his fee request.

One such circumstance could be unusually difficult or contentious proceedings in this court. But counsel does not contend that this case presented any special challenges and the court's own review of the record does not reveal any. Counsel instead provides several other reasons that he believes a higher fee is justified in this case: (1) courts in other districts have approved similar hourly rates in other cases; (2) Evans will receive more than $450,000 in future benefits; and (3) in light of Evans' long-term disability insurance, Evans will not have to pay any of counsel's fee out of his own pocket.

The fee awards from other courts have limited probative value. Counsel does not discuss the circumstances in those cases or otherwise explain why he believes this case is comparable.

As to the future benefits that Evans will receive, counsel does not cite any authority or otherwise show why future benefits are an appropriate consideration in determining a reasonable fee. One might argue that they aren't in light of the statutory bar on using future benefits to calculate the 25% limit on fees. *Gisbrecht*, 535 U.S. at 795 ("Because benefits

---

approximately $533).

amounts figuring in the fee calculation are limited to those past due, attorneys may not gain additional fees based on a claimant's continuing entitlement to benefits."). *See also Crawford v. Astrue*, 586 F.3d 1142, 1157 (9th Cir. 2009) (Bea, J., dissenting) ("[F]uture benefits are never available under § 406(b) and cannot contribute to assessing whether a particular fee request under § 406(b) is reasonable."). But it appears that some courts do take future benefits into consideration on the ground that future benefits may help demonstrate that counsel obtained excellent results for the client. *E.g.*, *Santino v. Astrue*, No. 06-cv-75, 2009 WL 1076143, at *4 (N.D. Ind. Apr. 20, 2009) ("Although these continuing and future benefits do not factor into the basis for calculating the amount of the § 406(b)(1) attorney's fees, they nevertheless demonstrate the value of counsel's work to Plaintiff."). The court agrees with *Santino* that future benefits can be a relevant consideration, so it provides some justification for a higher rate.

Turning to his last contention, counsel says that a higher award is justified because the client will not pay it personally. Although one purpose of § 406(b) is "to protect *claimants* against inordinately large fees," *Gisbrecht*, 535 U.S. at 805 (emphasis added and internal quotations omitted), and not to protect insurance companies, the ultimate question is about the reasonableness of the fee itself, which is independent of the party paying the fee. In the absence of authority showing that it is appropriate to consider this factor, the court will not rely on it. The court will not give an attorney a windfall just because an insurance company will pay the fee.

In sum, counsel has shown that he is entitled to some additional compensation in light of the results he obtained for his client, but the court is not persuaded that he is entitled to more than double the amount the court has already approved. The court will approve an additional $19,105, which represents an hourly rate equivalent of approximately $1,000 an

hour. The award properly reflects both the excellent results obtained, and counsel's risk of loss in undertaking contingent fee cases.

ORDER

IT IS ORDERED that counsel for Clifton Evans' supplemental petition for attorney fees pursuant to 42 U.S.C. § 406(b), Dkt. 34, is GRANTED IN PART. The court approves a representative fee award of $ 19,105.

Entered February 13, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge